MADISON SNAP and WILLIAM FRANCIS, Plaintiffs in Error, v. THE PEOPLE, Defendants in Error.

ERROR TO FRANKLIN.

A party may be convicted and fined for malicious mischief, in wounding an animal while trespassing upon his field. The fact that the animal was doing damage does not justify injuring or wounding it.

THIS cause was tried at September term, 1857, of the Franklin Circuit Court. The defendants below, plaintiffs here, were convicted and fined fifty dollars each. A motion to quash, and also for a new trial, were made, and overruled. The cause was tried by PARRISH, Judge. The facts of the case are stated in the opinion.

NELSON & JOHNSON, for Plaintiffs in Error.

J. ROBINSON, District Attorney, for the People.

CATON, C. J.   The plaintiffs in error were indicted for " unlawfully, willfully and wantonly shooting and wounding a certain mare," etc.   The proof showed that Snap, by the direction of Francis, shot the mare with fine shot, inflicting a wound upon her flank, from which she recovered.   The mare, at the time, was trespassing in a field of oats belonging to one of the plaintiffs in error, which was protected by an insufficient fence.

The statute under which this indictment was found, provides, that if any person " shall unlawfully, wantonly, willfully or maliciously kill, wound, disfigure or destroy any horse, mare," etc., he shall, on conviction, be fined, etc.   And the only question is, whether it was a violation of this statute for the defendants below to shoot the mare when she was trespassing in the field of oats.   Of this there can be no doubt.   It is a violation of the common law as well as of this statute, for a person to shoot or wound stock found trespassing upon his premises.   He may expel them from his premises, and use the necessary force for that purpose, doing them no unnecessary damage ; or he may take them up *damage feasant*, if need be, to protect his crops or close, but the law of right, as well as humanity, forbids him to inflict an unnecessary injury upon the brute.   The owner of the animal may be liable for the damage committed by it, but the injured party may not inflict injury in return,   He may not take the law into his own hands, and thus retaliate upon the owner, and wreak his vengeance upon the animal, which but follows the instinct of nature in seeking food where it is most inviting.

The conviction was right; and the judgment must be affirmed.
                                                                    *Judgment affirmed.*