## THOMAS VS. THE STATE.

MALICIOUS MISCHIEF: *Killing of stock in one's enclosure not indictable.*
  One who kills stock, which is found trespassing in his enclosure, is not subject to indictment, although his fence may not be five feet high. Sections 1381 and 3185, Gantt's Digest, construed.

APPEAL from *Baxter* Circuit Court.

Hon. WILLIAM BYERS, Circuit Judge.

Rose, for appellant.

Verdict excessive, Gantt's Digest, sec. 3192, unless malicious sec. 1381 does not govern.

Instructions that malice was implied was erroneous. *State* v. *Wilcox*, 3 Yerger, 278; *Hobson* v. *State*, 44 Ala., 380; *State* v. *Newby*, 64 N. C., 23; *Hill* v. *State*, id., 335; *Wright* v. *State*, 30 Ga., 325; *Frazier.* v. *Brown*, 12 Ohio, U. S., 294; *U. S.* v. *Gideon*, Irwin, 294; *Northcott* v. *State*, 43 Ala., 330; *State* v. *Jackson*, 12 Ind., 329; *Comm.* v. *Walden*, 3 Cush., 558; *State* v. *Robinson*, 3 Dev. & Bat., 130; *State* v. *Pierce*, 7 Ala., 723; *State* v. *Waters*, 6 Jones N. C., 276.

*S. P. Hughes, Attorney General,* for appellee.

Contended that the facts showed such malice as was contemplated by the act, for triple damages.

HARRISON, J.:

The appellant was convicted in the Baxter Circuit Court, for the malicious killing of a mare, the property of Permetta C. Herron, and fined twenty dollars, and adjudged to pay the owner two hundred and ten dollars damages, treble the value of the mare, found by the jury.

Having moved for a new trial, which was refused, he took a bill of exceptions and appealed.

The mare was found dead, having been shot, in the defendant's woodland lot adjoining his wheatfield, and immediately by the fence separating the two.

The mare was breachy and bad to jump, and had been break-ing into the defendant's wheatfield, which fact was known to the owner. A horse's track was in the field near where she was lying, and it appeared she might, after being shot, have jumped or fallen over the fence into the lot. The fences enclosing the lot and field were, in some places, not more than three and a half to four feet· high, and there was such a low place in the·fence between the lot and field, at the spot where the mare was found dead, and the fences were nowhere five feet high. The defend-ant admitted that he shot and killed the mare.

The court instructed the jury that an animal destroying grain growing in a field enclosed by a fence less than five feet high, would not, in law, be trespassing, and that if they found from the evidence that the defendant killed the mare, though in his enclosure, if the fence was not five feet high, they should find him guilty.       ·

The statute, upon which this instruction was based, section 1381, Gantt's Digest, expressly excepts from its penalties per-sons killing, maiming, or wounding animals trespassing in their own enclosures.

By section 3185, all fields and grounds kept for enclosures are required to be enclosed with a sufficient fence, which fence must be at least five feet high. Sections 3186 and 3187.

It does not, however, necessarily follow, that there can be, in contemplation of law, no enclosure unless the fence is five feet high, and these latter sections have no relation whatever to that first mentioned, or to prosecutions under it.

That the Legislature intended only a civil remedy for injuries to stock breaking into enclosures not enclosed as required by the statute, we think is apparent, not only from the exception or pro-viso in section 1381, before referred to, but because of the fine

imposed by sections 3182-3188, upon owners of land in cultivation, for not having the same enclosed in the manner prescribed, and as well that, upon conviction, the owner of the stock is adjudged treble damages whilst he can recover only double by his action.

"The act in the case of malicious mischief," says Bishop, "must proceed from malice, and, according to the general doctrine, the malice must be against the owner of the property, and not against another person, or against the property itself, it not being sufficient when a man kills an animal out of ill mind to it." 2 Bish. Cr. Law, sec. 996; Com. v. Walden, 3 Cush., 558.

We do not undertake to say that reckless and wanton injury to an animal will not imply malice against its owner, or without other evidence be sufficient to sustain an indictment under the statute, but we think it clear that one who, under such provocation, kills or injures an animal trespassing in his inclosure, cannot be said to have done so maliciously, and is not guilty of the offense mentioned in the statute, or subject to an indictment therefor.

The instruction given the jury was, therefore, erroneous, and a new trial should have been given the defendant; the judgment of the court below is, therefore, reversed and the cause remanded to it with instructions to grant the defendant a new trial, and to proceed according to law.