## DANIEL REIS
### V.
## ISABELLA STRATTON.

*Action for Damages for Killing Turkeys—Trespass—Recoupment.*

The owner of crops has no right to wound or kill domestic animals found trespassing upon his premises. This rule applies to fowls as well as to more valuable animals.

[Opinion filed June 20, 1887.]

APPEAL from the Circuit Court of Peoria County; the Hon. S. S. PAGE, Judge, presiding.

Messrs. SHEEN & LOVETT, for appellant.

Messrs. KELLOGG & CAMERON, for appellee.

*Per Curiam.* This suit was instituted by the appellee against the appellant before a Justice of the Peace, where there was a trial and judgment and an appeal to the Circuit Court, where there was another trial that resulted in a verdict and judgment for the appellee for 1 cent and costs, from which judgment this appeal is taken. The contention in this case arises out of the killing, by appellant, of four turkeys, the property of the appellee, whilst they were on the premises of the appellant, and as claimed by the appellant, trespassing upon his crops; and as to the extent of the right of the appellant to recoup the damages done by the turkeys to his crops. This case, so far as the amount in controversy is concerned, is insignificant, and the maxim *de minimis non curat lex* might well be applied; but it is insisted by counsel for appellant, that it involves the question of the right of the owner of property to protect and defend his property against the attacks of other animals, and the extent to which a person may lawfully go in such defense. This question is not an open question in this State, in cases similar to that claimed by the appellant in this

Reis v. Stratton.

case, where animals are trespassing upon crops. "The owner of the crops in such case has no right, either at common law, or under our statute, to wound or kill animals found trespassing upon his premises." "He is not permitted to take the law in his own hands, and retaliate upon the owner, and wreak his vengeance upon the animal—which follows but the instinct of nature in seeking food where it is most inviting." Snap and Francis v. The People, 19 Ill. 80.

It is insisted by counsel for appellant, that this court in Anderson v. Smith, 7 Ill. App. 354, has announced a different rule than that announced, *supra*. The court in 7 Ill. App. *supra*, held that the fifth and sixth instructions given for the plaintiff did not correctly state the law. The jury by these instructions were informed that a party could not take the life of the dogs in question in defense of his poultry, under any circumstances, as the party had an action for the damages, and that the law did not allow any one to go to the extent of killing dogs, except in the one case of killing sheep by them. The dogs in this case, at the time they were shot, had seized a valuable hen of the defendant, known as the Plymouth Rock breed of hens. The hen had been seized upon his premises by a large dog, which, being frightened off, had dropped the hen on the outside of the fence, where she was being worried by the dogs that were killed. In the light of these facts this court in that case very properly held that the above instructions were incorrect, and not accurate statements of the law. There is no conflict in the rule announced in 19 Ill. *supra*, and in 7 Ill. App. *supra*. They announce the correct rule as applicable to the class of cases to which the rule applies. The rule announced in the 19th has reference to trespass upon inanimate property, such as crops; that in 7 Ill. App., to animate property; and in such case the owner would not be justified in killing a valuable animal found destroying property of little value.

It is insisted by counsel for appellant that the rule announced in 19th Ill., *supra*, only applies to the animals therein named, and that it does not apply to domestic fowls. In Clark v. Keliher, 107 Mass. 407, "the plaintiff kept a number of hens

and suffered them to go at large; the defendant occupied the adjoining lot; the plaintiff's hens ran into the defendant's grass and made nests therein. To some extent a path was made in the grass. The defendant requested the plaintiff to shut up his hens, and threatened to kill them if they were not; the plaintiff neglected and declined to do so. The hens continued to go upon the defendant's land, when the defendant openly, with a stick, killed the whole lot of hens, and put them down in the plaintiff's door-yard; the value of hens thus killed was five dollars." The court say the "act of killing the plaintiff's hens was without legal justification. It is admitted that a land owner has no right to kill his neighbor's cattle when found trespassing, but must content himself with his legal remedies of impounding, or bringing a suit at law. The destruction of valuable property is not necessary to the protection of his rights. And this rule applies as well to feathered animals not *feræ naturæ*, as to larger and more valuable animals. * * * It has been decided in Connecticut, that the poisoning of a man's hens after complaint of repeated trespasses and a warning of an intent to kill them, was a wrong for which an action would lie, and we concur with the reasoning of the court in that decision." Johnson v. Patterson, 14 Conn. 1; Mathews v. Fiertel, 2 E. D. Smith, 90.

This being a civil action to recover damages for the killing of the turkeys, it is not necessary to determine whether a prosecution for malicious mischief might have been maintained. In view of the foregoing authorities feathered animals not *feræ naturæ* are classed as domestic animals, and are protected under the law to the same extent as other domestic animals, and the right of the owner of such animals to damages for an injury thereto is the same as that of the owner for an injury to any other domestic animal.

It is further insisted by counsel for appellant that the court erred in its instructions as to the right of appellant to recoup. The appellant by the verdict of the jury was allowed every cent that he was entitled to for his damages, and in our view more damages than he was entitled to. The verdict for the appellant should not have been for a larger sum than it was.

There was no error prejudicial to the appellant in the rulings of the court. The appellant has no just ground for complaint. He has been permitted to take the law in his own hands and inflict an injury on the property of his neighbor at slight costs.

*Judgment affirmed.*