## McFarland *v.* State.

### Opinion delivered May 27, 1907.

1. Continuance—non-resident witness.—An application for a continuance on account of the absence of a nonresident witness was properly refused where there was no showing that the applicant would procure the testimony if the trial was postponed, nor why the deposition of the witness had not been taken. (Page 99.)

2. Same—reopening application.—Where defendant's application for a continuance on account of an absent witness was properly refused upon a showing by the State that the witness was a nonresident and because he made no showing that a postponement would enable him to procure the witness, it was not an abuse of the court's discretion to refuse to reopen the question upon defendant's representation, made shortly thereafter, that the witness was temporarily absent from the State, and would return. (Page 99.)

3. Oral instruction—objection.—The objection that an oral charge was given to the jury would not be considered on appeal if objection was not made at the time, nor assigned as error in the motion for new trial. (Page 99.)

4. Instructions—repetition.—Refusal of the court, when requested, to instruct the jury in an assault case to consider all the circumstances as they existed at the time defendant was alleged to have shot deceased was not prejudicial where the court in other instructions had directed the jury to consider all the evidence. (Page 100.)

5. Trial—remark of court.—Where, in an assault case, defendant offered to produce the prosecuting witness to the end that the jury might see the relative size of defendant and the prosecuting witness, there was no reversible error in the court refusing the request and remarking that he did not suppose that anybody wanted to see the prosecuting witness. (Page 100.)

Appeal from Woodruff Circuit Court; *Hance N. Hutton,* Judge. Affirmed.

*J. F. Summers* and *Stuckey & Stuckey,* for appellant.

1. The court should have permitted defendant to show that witness Hattie Britney was temporarily absent from the State; also in refusing a continuance on account of her absence. Const. art. 2, sec. 10; 50 Ark. 165; 4 S. W. Rep. 24; 57 *Id.* 165.

2. It was error to give the oral instruction to the jury. To sustain a conviction of assault to murder, the evidence must be such as to warrant a conviction for murder, had death en-

sued.  8 Ark. 451; 10 *Id.* 318; 34 *Id.* 275; 65 *Id.* 404.  It was error to refuse instruction 1 for defendant.

The court erred in refusing to permit defendant to produce Steve Britney, and made prejudicial error in its remarks in the presence of the jury in so refusing.  51 Ark. 155.

*William F. Kirby*, Attorney General, and *Daniel Taylor*, Assistant, for appellee.

1.  There was error in refusing a continuance.  No exercise of due diligence is shown.  The refusal of a continuance is a matter of discretion for the trial court, and this court never interferes unless there is an abuse of such discretion.

2.  We see no error in the oral charge to the jury, when taken in connection with the statute which the court read.

3.  The remark of the court was not prejudicial.  If it had any effect, it tended to lighten the penalty.

Hill, C. J.  Appellant, indicted as Will Ezell, was convicted of assault with intent to kill, and sentenced to one year in the penitentiary, and he has appealed.

The first question presented is the alleged error of the court in overruling a motion for a continuance.  A showing was made by the State that the witness desired was a nonresident of the State, and the motion failed to indicate in what manner defendant would be enabled to get her testimony, and did not say that the deposition would be taken, nor explain why it had not been taken, and did not hold forth any reason to believe that the witness would be brought back to the State to testify if the trial was postponed.  The court properly overruled the motion.

Subsequently, after eleven of the jurors had been impaneled, the defendant attempted to reopen this motion, to show that the witness was temporarily absent from the State, and would return.  The trial court refused to permit this question to be reopened at that time, and this court is unable to see that it was an abuse of discretion.

The next alleged error discussed is as to part of the oral charge of the court.  But the part now objected to was not objected to when given, and no exceptions taken to it, or any

of the instruction, and no assignment of it made in the motion for new trial, and of course it is not before this court now.

Error is alleged in the refusal of the court to give the following instruction: "The court instructs the jury that, in determining the guilt or innocence of the defendant, you will take into consideration all the circumstances as they existed at the time defendant is alleged to have shot Steve Britney." It is as difficult to see why the court refused to give this instruction as it is to see why appellant desired it. Men of average intelligence—certainly such men as are selected on juries—know that in considering a case they must consider all the circumstances; and in several places in the charge the court makes it clear to the jury that they are to consider all the evidence and to consider it as a whole. Like any other established fundamental proposition, it may well have been given to the jury; but a failure to have had the benefit of it could not have had any effect upon the verdict.

The only other error alleged by the appellant was this: "The defendant here offered to produce Steve Britney to make profert, to the end that the jury might see the relative size of the defendant and Steve Britney, but was refused by the court, the court remarking that it did not suppose any body wanted to see Steve Britney; to which the defendant excepted." If upon any one, this remark reflected upon Steve Britney, the prosecuting witness, and not upon the defendant. The defendant could have adduced testimony as to the relative size of himself and Britney, without making profert of the two men. These are matters in the conduct of trials that are left to the discretion of the trial judge; and, unless there is some arbitrary abuse of that discretion, there will be no reversal. The objection seems to be chiefly to the remark of the judge as having a tendency to belittle the defense offered, and to prejudice the jury against it; but the court is unable to see reversible error in it.

Taking the case as a whole, it appears that the defendant had a fair and impartial trial, and the conviction seems proper if the evidence on the part of the State is true, and the jury said it was.

Judgment is affirmed.