## Tallman *v.* State.

Opinion delivered December 12, 1921.

MALICIOUS MISCHIEF—PRESUMPTION OF MALICE.—Under Crawford & Moses' Dig., § 2511, providing that if any person shall wilfully, maliciously or wantonly kill, maim or wound any animal of another, he shall, on conviction, be punished by fine or imprisonment or both, *held* that it was error to charge the jury that, if the killing of another's dog was unlawful and done with a deadly weapon, the law presumes that it was done maliciously.

Appeal from Arkansas Circuit Court, Northern District; *George W. Clark,* Judge; reversed.

*George C. Lewis,* for appellant.

The statute, C. & M. Digest, § 2511, does not warrant a charge to the jury that the killing of the animal with

a dangerous and deadly weapon will be presumed to have been done maliciously, and that proof of malice would not be required. The effect of this instruction and the one following it is to shift the burden to the defendant, leaving to the State only to prove the fact of the killing. *Parsley* v. *State,* 148 Ark. 518.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

The instruction with reference to the killing with a deadly weapon did not, as appellant complains, shift the burden of proof to him and require him to prove his innocence, but it correctly, as we think, instructed the jury that, it being admitted that the defendant killed the dog with a dangerous and deadly weapon, the law would presume the killing was done maliciously, *if it was done unlawfully.* If the instruction following the above was misleading, appellant should have made specific objection. However, the instruction as a whole properly safeguarded the rights of appellant. *Cain* v. *State,* 149 Ark. 616. The instruction complained of is in no way related to the instruction in *Parsley* v. *State,* 148 Ark. 518, relied on by appellant.

HUMPHREYS, J. This is an appeal from a judgment for malicious mischief and an assessment of damages incident thereto rendered in the Arkansas Circuit Court against appellant. The charge of malicious mischief for the killing of a dog belonging to Roger Crowe on June 18, 1921, was preferred against appellant before a justice of the peace in said county. Appellant was convicted in the magistrate's court and prosecuted an appeal therefrom to the circuit court, and upon trial *de novo* was again convicted and fined.

Appellant was prosecuted under section 2511 of Crawford & Moses' Digest, which provides, in addition to a penalty of fine or imprisonment, or both, an assessment of damages in favor of the owner of the animal killed for threefold the amount assessed by the jury. The jury assessed the minimum fine of $20 against

appellant and ascertained the value of the dog to be $200, and upon this verdict the court rendered judgment against appellant in favor of Roger Crowe, the owner of the dog, for $600.

The testimony adduced in behalf of the State tended to show that appellant killed the dog wilfully, maliciously or wantonly, and that adduced in behalf of the appellant tended to show that he killed the dog under necessity in order to prevent injury to his person from an attack made by the dog upon him. Appellant killed the dog with a shotgun.

Over the objection and exception of appellant, the court submitted the cause to the jury upon the theory that if the dog was unlawfully killed with a deadly weapon by appellant the law would presume it was done wilfully, maliciously or wantonly. The statute under which appellant was convicted reads as follows: "If any person shall wilfully, maliciously or wantonly, by any means whatsoever, kill, maim or wound any animal of another, with or without malice toward the owner of the animal, which it is made larceny to steal, he shall on conviction be punished by a fine of not less than twenty nor more than one hundred dollars, or by imprisonment in the county jail for a period of not less than ten nor more than sixty days, or by both such fine and imprisonment, and shall, moreover, be liable to damages to the owner of the animal so killed, maimed or wounded, as in the preceding section provided; provided, nothing in this section shall be so construed as to extend to any person who shall kill, maim, or wound any animal trespassing in the fields or grounds of such person which are enclosed in a lawful fence, as defined in section 309 and sections 4646-4648."

In order to convict appellant under the statute it was necessary for the State to prove, by positive or circumstantial evidence, that appellant killed the dog either wilfully, maliciously or wantonly. The gist of the statutory offense of malicious mischief is the killing of

an animal wilfully, maliciously or wantonly. These essentials of the crime cannot be presumed from the fact that the killing of the animal was unlawful and done with a deadly weapon. A negligent or careless killing of an animal would be unlawful, and though done with a deadly weapon no inference or presumption in law could be indulged that the careless or negligent killing was wilful, malicious or wanton. The court's interpretation of section 2511 of Crawford & Moses' Digest was erroneous, as evidenced by giving the following instruction:

"The defendant in this case admits the killing of the dog, the property of Roger Crowe, and admits the killing occurred at the place and time in the affidavit; and further admits that he killed the dog of Roger Crowe with a shotgun, a dangerous and deadly weapon. You are instructed that where these facts are admitted, if you find that the killing was unlawful, and done with a deadly dangerous weapon, the law presumes it was done maliciously, and the State is not required to prove that the killing of the dog by the defendant was wanton or maliciously done."

The statute, in defining the crime of malicious mischief by killing an animal, does not attempt to impose penalties upon one for unlawfully killing an animal of another with a deadly or dangerous weapon. It penalizes one for maliciously, wilfully or wantonly killing an animal belonging to another.

Our attention has been called to the case of *Benefield* v. *State*, 62 Ark. 365, in support of the contention that the statute means that if an animal is unlawfully killed by one with a deadly weapon it will be presumed he killed it wilfully. Wilful and unlawful are not synonymous terms in the law. Acts may be and are frequently made unlawful whether intended or not. The mere commission of an act may be unlawful if prohibited by statute, whether done intentionally or not. The learned judge, in writing the opinion referred to, inad-

vertently followed the construction placed upon an Illinois statute defining malicious mischief, which was different from our statute. The Illinois statute made the unlawful killing of an animal a crime. *Snapp* v. *People,* 19 Ill. 80. Our statute penalizes the wilful, malicious or wanton killing of an animal. The Bennefield case is therefore overruled in so far as it misinterprets the statute before us for review.

Other errors are assigned and insisted upon by appellant for reversal, but, as the judgment must be reversed for the error indicated, we deem it unnecessary to consider them.

The judgment is reversed and the cause remanded for a new trial.

McCulloch, C. J., (dissenting.) The instruction condemned in the opinion of the majority is not technically correct, for no presumption of malice arises from the intentional killing of an animal. But the error was not prejudicial, for, under the statute, the killing need not be maliciously done in order to constitute a criminal offense. It is unlawful to kill, maim or wound an animal either "wilfully, maliciously or wantonly," and either "with or without malice toward the owner."

The statute formerly did not contain the word "wantonly," nor the words "with or without malice toward the owner of the animal" (Mansfield's Digest, § 1654) and this court held, in construing the statute, that the killing must, in order to constitute an offense, be done with malice toward the owner of the animal. *Thomas* v. *State,* 30 Ark. 433; *Chappell* v. *State,* 35 Ark. 345.

The Legislature at the session of the year 1893 (Acts 1893, p. 42) enacted a material amendment to this statute by inserting the words quoted above as the same now appears in Crawford & Moses' Digest, § 2511. Thus the statute was broadened so as to include killing, maiming or wounding of animals, either wilfully or wantonly, and either with or without malice toward the owner.

In the case of *Benefield* v. *State,* 62 Ark. 365, this court construed the statute as amended, and held that, if the killing was wrongfully done, the fact that there was no malice did not constitute a defense. I think that decision was correct. The opinion shows that the court had the proper conception of the effect of the amendment of the old statute, which made the offense complete without the presence of malice being shown. This amendment made the statute the same, in effect, as the Illinois statute, and the court quoted the case of *Snapp* v. *People,* 19 Ill. 80, in support of its conclusions.

Now it seems to me that the decision in the present case overruling the Benefield case eliminates the amendment and puts the statute back as it stood before the Legislature amended it.

The old statute required, as before stated, that, in order to constitute an offense, the act must be done with malice toward the owner. The amendment provided that if the act was "wilfully" done, either with or without malice toward the owner, it was an offense. "Wilfully" means intentional or by design—not accidental or involuntary. *Aubrey* v. *State,* 62 Ark. 368; 8 Words & Phrases, p. 7468 *et seq.*

The amendment also provided that if the act be wantonly done, with or without malice toward the owner, it constituted an offense. Thus, under the statute, the offense is complete if done either intentionally or wantonly, either with or without malice toward the owner.

In the present case appellant admitted that he killed the dog, and that he did so intentionally, but claimed that he did it in order to protect himself from the dog's attack. His own admission having brought himself within the terms of the statute, it devolved on him to show that he killed the dog in defense of his own person. That issue was clearly submitted to the jury in another instruction. The State was not required either to prove malice or to negative the appellant's plea of self-defense.