NAPIER *v.* STATE.

4684                                                  247 S. W. 2d 203

Opinion delivered March 10, 1952.

Rehearing denied April 14, 1952.

*Wm. C. Jenkins* and *Chester P. Leonard,* for appellant.

*Ike Murry,* Attorney General and *Dowell Anders,* Assistant Attorney General, for appellee.

ED. F. McFADDIN, Justice. Appellant was convicted of malicious mischief (see § 41-405 *et seq.,* Ark. Stats.) ; and brings this appeal, urging the three contentions herein discussed. For convenience, we will refer to the appellant as the "defendant."

I. *Sufficiency of the Evidence.* There was evidence that the defendant had a field planted to tomatoes ; that

this field adjoined a woodland tract, owned by Willie Dobbs; that Willie Dobbs' hogs were pastured in the woodland tract; and that, defendant's tomato crop was damaged by trespassing hogs. One witness testified that the defendant told him that if the hogs came back, the "old shotgun will get them."

Willie Dobbs missed some of his hogs, and persuaded the Constable and several other friends to go with him to defendant's premises. Dobbs testified unequivocally that he found the carcasses of fifteen of his hogs in defendant's field, where it appeared that they had been hauled and dumped, after having been killed. Dobbs identified the carcasses by reference to color, size, etc.; and said that the hogs appeared to have had their skulls crushed, seven with a hammer, and the others with a stone. One well-known sow also had her throat cut.

The Constable, J. C. Duckett, testified, according to defendant's abstract:

" . . . that he asked the defendant's permission to investigate and defendant gave him permission to enter the premises; that they found eleven head of dead hogs on premises belonging to the defendant; that nine had their skulls crushed; one had throat cut and he could not determine the cause of the other one. That he was not acquainted with Mr. Dobbs' hogs, did not know them; that the hogs were in piles of five or six. That he had a conversation with the defendant on Monday morning and he admitted killing two sows and their pigs, or nine head. That defendant made the remark that if he had made a mistake he would have to pay for it."

Another witness corroborated the Constable's testimony as to what Sam Napier had said. There was evidence as to the value of the hogs. Also, there was evidence that the fence enclosing defendant's tomato field was not constructed in such a way as to comply with the statutory requirements[1] for a "lawful fence."

In the light of all the foregoing evidence—and there is much other in the record—it is clear that a case was

---

[1] See § 78-1201 et seq., Ark. Stats.

made for the jury as to appellant's guilt, under § 41-405, Ark. Stats.

II. *Instructions.* The jury found the defendant guilty, and assessed a fine of $20, and fixed the value of the hogs at $250. The Court thereupon awarded judgment for treble damages[2] to Dobbs, as the owner of the hogs. Before returning its verdict, the jury inquired of the Court as to the matter of treble damages; and defendant now claims that the Court's answer tended to mislead the jury.

There are several answers to defendant's argument on this point, but one is sufficient: the appellant saved no exception to the Court's remarks. It is well settled that when no exceptions are saved to the Court's ruling, such ruling cannot be reviewed on appeal although assigned as error in the motion for new trial. *Baine* v. *State,* 132 Ark. 416, 200 S. W. 999; *McFarland* v. *State,* 83 Ark. 98, 103 S. W. 169; *Pixley* v. *State,* 203 Ark. 42, 155 S. W. 2d 710. It is not sufficient to bring forward an objection to an instruction for the first time in the motion for new trial. *Carpenter* v. *State,* 204 Ark. 752, 164 S. W. 2d 993. If the defendant thought the instruction was susceptible to an improper meaning which resulted in inducement to return a verdict of guilty, he should have made specific objections, and not having done so, cannot complain on appeal. *Rhodes* v. *State,* 208 Ark. 1043, 189 S. W. 2d 379.

III. *Impeaching the Jury's Verdict.* In his motion for new trial, the defendant presented the affidavits of two of the jurors, each of whom stated in his affidavit that he would not have fixed the value of the dead hogs at $250, if he had known that treble damages were to be adjudged. We find no error in the action of the trial court in denying the motion for new trial, based on these two affidavits. Independent of other reasons, it is sufficient to point out that the testimony of a juror cannot be received on the point sought to be reached by these affidavits. Section 43-2204, Ark. Stats., provides:

---

[2] Sections 41-403 & 5, Ark. Stats.

"A juror cannot be examined to establish a ground for a new trial, except it be to establish, as a ground for a new trial, that the verdict was made by lot."

For a recent case involving an attempt to impeach a jury verdict by affidavit of the jurors, see *Hyde* v. *State*, 212 Ark. 612, 206 S. W. 2d 739.

Affirmed.