Ronald Erwin GOLF *v.* STATE of Arkansas

CR 77-15                                        552 S.W. 2d 236

Opinion delivered June 27, 1977
(In Banc)

886

Harold L. Hall, Public Defender, by: John W. Achor, Chief Dep. Public Defender, for appellant.

Bill Clinton, Atty. Gen., by: Joseph H. Purvis, Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. This case was submitted as a "no-merit" appeal pursuant to Rule 11 (h) and the doctrine of Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). After the submission of the case, we requested that counsel submit briefs on the question whether the trial court committed reversible error in declining to answer the jury's questions about specific testimony, in view of Ark. Stat. Ann. § 43-2139 (Repl. 1964), without inquiring as to the purpose of the jury's request. The briefs have been submitted and the case has been considered on that point only. We find reversible error.

Appellant was sentenced to ten years in the penitentiary for the crime of sodomy. He was represented at the trial by employed counsel. The Public Defender for the Sixth Judicial District was appointed to represent appellant on appeal. After the jury had deliberated for nearly three hours, it returned into open court at 4:30 p.m. and reported that it was unable to reach a unanimous verdict. The jury was then excused with instructions to return at 9:30 a.m. the following day. At that time the record shows that the defendant was present but his attorney was not. The record discloses the

following proceedings at that time:

THE COURT:

There are questions that need to be asked?

MR. THOMASON, FOREMAN:

Yes sir. One specific question is some of the jurors would like a definition of reasonable doubt and some of the other jurors have specific questions about testimony that they would like to ask.

THE COURT:

Now, the questions about the testimony, the time for hearing that has come and gone and you will recall the testimony collectively and we can't go back and emphasize certain testimony because we can't run it by you again in the same manner it was run by you the first time.

(At this time, Mr. Wilson entered the courtroom.)

THE COURT:

Mr. Wilson, they have asked about reasonable doubt. Would you object to my giving them the instruction again on reasonable doubt?

MR. WILSON:

No, your Honor, I wouldn't.

THE COURT:

All right. And then I have, I don't know whether I should give them this other instruction at this time or not.

MR. WILSON:

I would request that you do not at this time.

After giving the instruction defining reasonable doubt, the court directed the jury to continue its deliberations. The jury retired at 9:38 a.m. and returned with its verdict at 10:15 a.m. There is nothing to indicate that appellant's attorney ever knew of the jury's inquiry about testimony or the trial court's ruling or that appellant had any idea of the significance of these proceedings.

The applicable statute[1] reads as follows:

After the jury retires for deliberation, if there is a disagreement between them as to any part of the evidence, or if they desire to be informed on a point of law, they must require the officer to conduct them into court. Upon their being brought into court, the information required must be given in the presence of, or after notice to, the counsel of the parties.

We have held that the provisions of the statute are mandatory, and that, where the facts call for an application of its provisions, unless the rulings of the court comply with the statute, they will constitute prejudicial error, but such a manifest error may be corrected by repetition of the communication in the presence of the entire jury and counsel in the court room before the verdict is received to such an extent that counsel knows what had taken place and has the opportunity to object. *Rollie v. State,* 236 Ark. 853, 370 S.W. 2d 188; *Aydelotte v. State,* 177 Ark. 595, 281 S.W. 369. The importance of the presence of counsel during such proceedings has been emphasized. See *Hinson v. State,* 133 Ark. 149, 201 S.W. 811. In *Rollie,* we said:

This statute requires in unambiguous language that the entire jury and no less a number thereof must be present before the Court and counsel for the parties, or notice given to counsel, upon any proceeding affecting the rights of the defendant or the State as defined in this

---

[1] It should be noted that the matter of *additional* instructions is now covered by Rule 33.4, Rules of Criminal Procedure. Otherwise, this statute remains in full force and effect.

statute. Its provisions are mandatory. ***

In *Aydelotte,* we said:

> *** The design of the lawmakers in the enactment of this statute was to protect defendants on trial as well as the state, after causes have been finally submitted to the jury for its deliberation and verdict, against any further steps being taken in the case in regard to the evidence or the law, unless in open court and after notice to the counsel of the respective parties. ***

It is unnecessary for us to decide on this appeal whether the court's answer to the inquiry could have been correct under the circumstances because appellant's counsel had no opportunity to object and there is no indication that appellant had the slightest idea he had any right to make an objection. *Hopkins v. State,* 174 Ark. 391, 295 S.W. 361; *Hinson v. State,* supra; *Durham v. State,* 179 Ark. 507, 16 S.W. 2d 991. Furthermore, the failure to object to the procedure or ruling of the court is not a waiver except when it is clear that the erroneous proceeding is discovered in time to correct any error, especially when the court's action is correct. *Rollie v. State,* supra; *Wawak v. State,* 170 Ark. 329, 279 S.W. 997.

It is sufficient to say that the presence of counsel was mandatory and there is no basis for holding that there was a waiver of defendant's right to have his attorney present or to object to the ruling of the court. We need not say, in this case, whether the trial court has some latitude of discretion in the matter or whether, when there is a disagreement among the jurors, the court must allow the testimony in question to be read to the jury, because the matter is not likely to arise on a new trial. It is sufficient to say that it can be done at the request of the jury, and to that extent the statement made by the judge was incorrect on its face. *Bradshaw v. State,* 211 Ark. 189, 199 S.W. 2d 747; *Bennefield v. State,* 62 Ark. 365, 35 S.W. 790 (overruled on another point), *Tallman v. State,* 151 Ark. 108, 235 S.W. 389, dissenting opinion, 236 S.W. 281). We cannot say that the court, in this case, exercised any discretion in the matter, because no inquiry was made as to the specific questions the jurors had about the testimony and

further inquiry by the jurors was effectively foreclosed by the court's ruling. If counsel had been present or had known that the question had been raised, he could have at least asked the trial court to pursue the matter.

Since prejudice is to be presumed when the statute is not followed and there is nothing to indicate any waiver on the part of the defendant or his attorney, we must, with regret, reverse the judgment and remand the case for a new trial.