Albert D. WILLIAMS, Jr. *v.* STATE of Arkansas

CR 77-101 568 S.W. 2d 30

Opinion delivered July 17, 1978
(In Banc)

*Harold L. Hall,* Public Defender, by: *William R. Simpson, Jr.,* Deputy Public Defender, for appellant.

*Bill Clinton,* Atty. Gen., by: *Joseph H. Purvis,* Deputy Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. On a charge of murder in the first degree, appellant was found guilty and sentenced to 25 years' imprisonment. The verdict was largely dependent upon the testimony of one Larry Thompson, a nurse's assistant employed by the Veteran's Administration. When accorded the right of allocution immediately after the verdict was accepted and the jury discharged, appellant advised the trial judge that during the jury deliberations on the preceding day, one of the jurors came out and told the bailiff that they could not come to any agreement because one of the jurors was a good friend of the key witness and that, when asked

what could be done, the bailiff responded that it did not then make any difference. The bailiff then stated in open court that the foreman of the jury had said that, after going to the jury room, it had been discovered that one of the jurors was a friend of one of the witnesses and that he had said, "Well, it's too late to do anything about it now." The circuit judge appropriately directed that a motion be filed on behalf of appellant.

A motion to set aside the verdict was filed based upon allegations as to the conduct of the bailiff. At the hearing on the motion, there was a slight elaboration on the previous statements of appellant and the bailiff. The bailiff specifically stated, however, that the foreman had not asked him to inform the court. The foreman of the jury gave a slightly different version. He testified that he went to the jury room door, told the bailiff that one of the jurors was acquainted with the state's witness and asked if this would have any bearing on the case and that the bailiff answered, "No, I don't think so." After the conversation with the bailiff, the jury resumed its deliberation and eventually achieved unanimity. The motion to set aside the verdict was denied.

The proper procedure in the situation which had arisen is set out in Ark. Stat. Ann. § 43-2139 (Repl. 1964) in the following words:

> After the jury retires for deliberation, if there is a disagreement between them as to any part of the evidence or if they desire to be informed on a point of law, they must require the officer to conduct them into court. Upon their being brought into court, the information required must be given in the presence of, or after notice to, the counsel of the parties.

In *Golf v. State*, 261 Ark. 885, 552 S.W. 2d 236, we held, not only that the provisions of this statute are mandatory, but that where the facts call for an application of its provisions, rulings of the court will constitute prejudicial error unless corrected by repetition of the communications by the judge in the presence of the entire jury, either in the presence of counsel for both parties or after notice to them. Although the

specific error in that case turned upon the action of the trial judge in the absence of the defendant's attorney and without notice to him, we recognized that the purpose of the statute was to protect the parties from any steps being taken in the case in regard to the evidence and the law, after the cause has been submitted to the jury for deliberation unless in open court and after notice to the counsel of the respective parties. We have also held that the statute must be strictly followed. *Andrews* v. *State,* 251 Ark. 279, 472 S.W. 2d 86.

The inquiry made by the foreman of the jury was certainly a request for information on a point of law. The failure of the foreman to require the bailiff to conduct the jury into court was itself contrary to the statute and constituted misconduct, even though it was an innocent omission. The obvious good intentions of the bailiff and the foreman of the jury cannot excuse non-compliance with the statute. *Laine* v. *State,* 154 Ind. App. 81, 289 N.E. 2d 141 (1972). Even if, under the circumstances of this case, the bailiff's answer might have been shown to be correct, the impropriety is not excused. *Holzapfel* v. *State,* 120 So. 2d 195 (Fla. App., 1960). In effect, the bailiff assumed the power to answer an inquiry on a question of law which should have been answered only by the judge. *Wittmeier* v. *Post,* 78 S.D. 520, 105 N.W. 2d 65, 97 ALR 853 (1960). Non-compliance with the statute by court officials still gives rise to a presumption of prejudice. *Smith* v. *State,* 194 Ark. 264, 106 S.W. 2d 1019; *Wheaton* v. *U.S.,* 133 F. 2d 522 (8 Cir., 1943). That presumption is not easily overcome.

It has long been held that failure to comply with such a mandatory provision is prejudicial as a matter of law unless it is shown that no prejudice resulted or could have resulted from the non-compliance. *Wittmeier* v. *Post,* supra. It has also been held that lack of prejudice must be shown by clear and convincing evidence and that any doubt on the issue must be resolved in favor of the accused. *Foreman* v. *State,* 370 P. 2d 34 (Okla. Cr., 1962); *State* v. *Kristich,* 226 Or. 240, 359 P. 2d 1106 (1961). See also, *Wheaton* v. *U.S.,* supra.

To begin with, we presume that any error is prejudicial, unless we can say with confidence that it is not. *Upton* v. *State,*

254 Ark. 664, 497 S.W. 2d 696. One reason for placing such a heavy burden upon the state is the necessity for preserving the sanctity of the jury deliberations. *Laine* v. *State,* supra. Another is because of the conduct of the court officials in performing their duties and following the procedures prescribed for them should be such as to leave no possible suspicion of acting either prejudicially or favorably to an accused. In Oklahoma where the provisions of a similar statute are considered to be mandatory, the Supreme Court in *Lowrey* v. *State,* 87 Okla. Cr. 313, 197 P. 2d 637 (1948) quoted from *Ridley* v. *State,* 5 Okla. Cr. 522 at page 526, 115 P. 628 (1911). That quotation was, in part:

> *** It will be presumed, in the absence of anything to the contrary, that the rights of the defendant were prejudiced by the action of the jury and clerk of the court in disregarding and failing to observe the requirements of the statute. Courts cannot be too strict in compelling a rigid and vigilant observance of the provisions of the statutes designed to preserve inviolate the right of trial by jury and the purity of jury trials.

The most difficult question is that of prejudice. We cannot say that lack of prejudice is manifest. The state actually concedes that it had the burden of proving that there was no prejudice. See *Brust* v. *State,* 153 Ark. 348, 240 S.W. 1079; *Bodnar* v. *State,* 176 Ark. 1049, 5 S.W. 2d 293; *Hydrick* v. *State,* 103 Ark. 4, 145 S.W. 542. If the matter had been called to the attention of the trial court, the judge could have cautioned the jury that it must confine its consideration of the case to the evidence before it, disregarding any knowledge or information from any other source, save common knowledge. *Bodnar* v. *State,* supra; *Howell* v. *State,* 220 Ark. 278, 247 S.W. 2d 952. At that time, the jury had deliberated for only 45 minutes, after having retired at 11:50 a.m.

In considering the matter of prejudice, we have disregarded the testimony of the individual jurors, as to their deliberations, statements made during the deliberation, matters considered, the votes taken, the votes of the individual jurors and other such matters admitted into evidence over the strenuous and repeated objections of the prosecuting

attorney. Even though the attorneys for both appellant and appellee seek to show how this testimony supports the position of their clients, this testimony was inadmissible and the state has never waived its objection, having called attention to it before seeking to turn the testimony to its advantage. Ark. Stat. Ann. § 43-2304 (Repl. 1964) prohibits the examination of any jurors to establish grounds for a new trial unless it can be shown that the verdict was by lot. We have adhered strictly to this rule. *Smith* v. *State,* 59 Ark. 132, 26 S.W. 712, 43 Am. St. Rep. 20; *Smith* v. *State,* 160 Ark. 178, 254 S.W. 463; *Halley* v. *State,* 158 Ark. 641, 251 S.W. 359; *Wooley* v. *State,* 97 Ark. 643, 133 S.W. 831; *Scott* v. *Shairrick,* 225 Ark. 59, 279 S.W. 2d 39; *Strahan* v. *Webb,* 231 Ark. 426, 330 S.W. 2d 291; *Hyde* v. *State,* 212 Ark. 612, 206 S.W. 2d 739; *Napier* v. *State,* 220 Ark. 208, 247 S.W. 2d 203; *Capps* v. *State,* 109 Ark. 193, 159 S.W. 193, 46 LRA (n.s.) 741, Ann. Case. 1915 C 957; *Wilder* v. *State,* 29 Ark. 293.

There was some reason for the foreman's going to the trouble of making the inquiry. With the presumption of prejudice we cannot say with assurance that the jury, which deliberated all the rest of the day and well into the next day before reaching a verdict, was not influenced by matters outside the record. Since the evidence about the deliberations was inadmissible, we can only speculate about the effect of the fact that the juror in question had worked with the state's principal witness at the Veteran's Administration at Ft. Roots for about three months and felt that he was reliable and a very credible person.

Since we cannot say with assurance that appellant was not prejudiced, the judgment is reversed and the cause remanded.