Clyde Lee MACK *v.* STATE of Arkansas

CR 78-206                                    577 S.W. 2d 595

Opinion delivered March 5, 1979
(Division II)

*William H. Patterson, Jr.,* for appellee.

*Steve Clark,* Atty. Gen., by: *E. Alvin Schay,* Dep. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. The only issue on appeal of this criminal case is whether the trial judge committed error by letting the jury rehear testimony of one witness after it began deliberation.

The trial judge correctly followed our decision in *Gardner* v. *State,* 263 Ark. 739, 569 S.W. 2d 74 (1978), and we affirm the judgment.

Clyde Lee Mack was convicted of theft of property and aggravated robbery of Walker's Cleaners located on Base Line Road in Little Rock on the testimony of two witnesses: Doris Walker, an employee, and Huey Walker, the owner. Huey identified Mack as the robber; Doris could not.

After the jury retired to deliberate, it returned and asked in open court for permission to rehear the testimony of Huey Walker. The defense counsel for Mack was present and objected. After the testimony was repeated and the jury retired again, the trial judge made the following remark:

> I don't see but how the defendant could fail to be prejudiced by playing this, singling out the testimony of this

particular witness. I am merely following what is the stated position of the Arkansas Supreme Court.

We find no error. First, the jury's request was made in the presence of all jurors. *Williams* v. *State,* 264 Ark. 77, 568 S.W. 2d 30 (1970). It was made in open court. *Golf* v. *State,* 261 Ark. 885, 552 S.W. 2d 236 (1977). The defense counsel was present and had an opportunity to object. The jury wanted to hear the testimony of the only witness who identified Mack, evidence essential to a determination of Mack's guilt or innocence. There was no effort by the jury to spotlight a small bit of fact which might work to the prejudice of the defendant. *U.S.* v. *Rabb,* 453 F. 2d 1012 (3d Cir. 1971). Finally, the court's decision was made just sixteen days after our decision in the case of *Gardner* v. *State, supra,* in which we defined the standard to be used when a jury requests to rehear evidence.

The appellant argues that our decision in *Gardner* is unclear in that it may force a trial judge to do something he feels would prejudice a defendant.

After reviewing the cases and statutes relative to this problem, we concluded in the *Gardner* case by stating:

> . . . It seems to us that the better approach is for the trial court to honor any request of a jury to hear specific evidence, in the absence of some compelling reason why it should not be granted, and that the action of the trial court in doing so should not be reversed in the absence of a manifest abuse of discretion. . . .

It is obvious that a trial judge has a clear standard to apply from *Gardner.* Since the trial judge found no compelling reason in this case to refuse the jury's request, we find no error and affirm the judgment.

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and HOLT, JJ.