JERRY J. WESLEY *v.* STATE of Arkansas

CR 78-226                                                    578 S.W. 2d 895

Opinion delivered April 2, 1979
(Division I)

*John W. Achor,* Public Defender, by: *Jim Phillips,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Robert J. DeGostin, Jr.,* Deputy Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice.The appellant, Jerry J. Wesley, and a codefendant, Donald Ray Bailey, were jointly charged with theft of property (Cadillac hubcaps) and with aggravated robbery in that they pointed a gun at Officer A. Brown with the purpose of resisting apprehension immediately after committing the theft. The jury returned verdicts of guilty and sentenced defendant to two years' imprisonment upon the charge of theft and to six years upon the charge of aggravated robbery.

Wesley, the only appellant, does not question the jury's verdict of guilty upon the charge of theft. He contends, however, that the evidence is insufficient to support the verdict of aggravated robbery, because the jury, although returning a verdict of guilty on that charge, also found as a fact, in response to an interrogatory, that neither defendant was guilty of using a deadly weapon in the commission of the aggravated robbery. The court at first refused to accept the verdicts, as being inconsistent, and sent the jury back for further deliberation. The jury adhered to its verdicts, however, and judgment was entered accordingly.

Officer Brown, a Little Rock policeman, testified that while he was off duty he saw the defendants pulling hubcaps off a parked Cadillac. He identified himself and ordered them to halt. The defendants jumped into a car and fled. Officer Brown testified that during the ensuing high-speed chase the defendant Bailey pointed a pistol at him. The weapon appeared to be a small handgun. Officer Brown then dropped back and called for help. The defendants were apprehended, but no gun was found. Bailey testified that he did not have a gun and had never owned one. Wesley did not testify.

We must agree that the evidence is insufficient. "A person commits robbery if with the purpose of committing a theft or resisting apprehension immediately thereafter, he

employs or threatens to immediately employ physical force upon another." Ark. Stat. Ann. § 41-2103 (Repl. 1977). A person commits aggravated robbery if he commits robbery as so defined and is armed with a deadly weapon or represents by word or conduct that he is so armed. § 41-2102.

Stealing hubcaps from a parked car is not robbery. The jury, to find the defendants guilty of aggravated robbery, had to find that in resisting apprehension they were armed with a deadly weapon or represented by their conduct that they were so armed. But the jury specifically found that the defendants were not so armed. Thus the verdicts were inconsistent, as the trial judge pointed out. Moreover, the special finding of fact eliminates the only basis for a verdict of guilty upon the charge of aggravated robbery.

The State argues, however, that even though the defendants were not in fact armed with a deadly weapon, the jury could have found that they represented by their conduct that they were so armed. The trouble is, there is no basis except pure guesswork for such a conclusion. Officer Brown testified that Bailey had what looked like a small handgun—"no doubt in my mind that it was a gun." Bailey denied that he had a gun. No gun was found. Thus the conflict between the two versions was direct and beyond reconciliation. The testimony presents no third possibility. It is therefore impossible for us to sustain the finding of guilty upon the charge of aggravated robbery in the face of the explicit finding of fact that no deadly weapon was involved.

The judgment is affirmed with respect to the charge of theft of property, but with respect to the charge of aggravated robbery the judgment is reversed and the cause dismissed.

We agree. HARRIS, C.J., and BYRD and PURTLE, JJ.