260

Donald Ray BAILEY *v.* STATE of Arkansas

CR 79-89                                                583 S.W. 2d 62

Opinion delivered July 2, 1979
(Division II)

*McHenry, Skipper & Skelton,* by: *Michael A. Skipper,* for appellant.

*Steve Clark,* Atty. Gen., by: *Ray Hartenstein,* Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. Appellant and an accomplice were observed by an off-duty policeman stealing hubcaps from a parked Cadillac automobile near 6th and Main in Little Rock, Arkansas. The officer attempted to apprehend the appellant and his accomplice, Wesley, but they took off in

another vehicle before the officer was able to take them into custody. The officer saw appellant with two hubcaps in his hand and what he thought was the other two hubcaps in possession of the accomplice as they fled. All four hubcaps were missing from the parked vehicle and the officer stated they threw them out the window of the car as he chased them along the highways. The officer further stated one of the fleeing men pointed a handgun at him as he chased them following the theft. Appellant denied that he pointed a gun at the officer and further stated he had never owned a gun. Therefore, the facts were in dispute.

The two were charged with Theft of Property and Aggravated Robbery. The jury returned a verdict of guilty of Theft of Property and Aggravated Robbery but also found that they did not use a deadly weapon in the incident. The court decided the verdict was inconsistent inasmuch as the jury found them guilty of Aggravated Robbery but specifically found no deadly weapon was used. The court sent the jury back to deliberate and when they returned they delivered the exact same verdict. The court accepted the second verdict and sentenced each of the defendants to 2 years for Theft of Property and 6 years on Aggravated Robbery, as recommended by the jury. Both men appealed. We have previously considered the accomplice's appeal in *Wesley* v. *State*, 265 Ark. 406, 578 S.W. 2d 895 (1979), wherein we reversed and dismissed the conviction of Aggravated Robbery and affirmed the conviction of Theft of Property. The state concedes that the holding in *Wesley* is binding and they do not argue the Aggravated Robbery point. Therefore, we do not discuss it in this opinion. The other point raised by appellant on this appeal is that the evidence was insufficient to support the verdict on theft of property having a value of more than $100.

The owner of the automobile testified he replaced two hubcaps on the same vehicle from which these were stolen about a year ago at a cost of $75 for the two. The owner further testified that replacement cost for new hubcaps was approximately $340. He frankly admitted he did not know the value of four used hubcaps for his vehicle. There was no other evidence presented as to value of the property allegedly stolen.

Ark. Stat. Ann. § 41-2203 (Repl. 1977) specifies that theft of property of the value of less than $2500 but more than $100 is a class C felony. Ark. Stat. Ann. § 41-2202 (3) (Repl. 1977) defines the amount of a theft as "the amount involved in a theft shall be deemed to be the highest value, by any reasonable standard, of the property or services which the actor obtained or attempted to obtain. . . ." In the case of *Polk* v. *State*, 252 Ark. 320, 478 S.W. 2d 738 (1972), we held that where a witness testifying as to value of stolen goods stated the value was "About a Hundred and a Half, Two Hundred" was sufficient to show the value to be in excess of $35. In a case where the owner of a watch testified that when it was given to him it had a price tag of $119 on it we held such testimony was sufficient to show the value of the property. *Boone* v. *State*, 264 Ark. 169, 568 S.W. 2d 229 (1978). Since the owner testified the value of two hubcaps was $75, and all four were taken, we feel the proof justifies a finding that the value of the property was in excess of $100. Of course, if you consider his testimony of the cost of replacement of the hubcaps, the proof is far in excess of that required to sustain a conviction under the above statute. For these reasons we affirm as to the Theft of Property and reverse and dismiss as to the Aggravated Robbery.

Affirmed in part, reversed and dismissed in part.

We agree. HARRIS, C.J., FOGLEMAN and HOLT, JJ.