Billy Ray COX *v.* STATE of Arkansas

CR 74-76 513 S.W. 2d 798

Opinion delivered September 23, 1974

36

*James H. Pilkington Jr.* and *Albert Graves,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *O. H. Hargraves,* Dep. Atty. Gen., for appellee.

FRANK HOLT, Justice. A jury found appellant guilty of burglary and assessed his punishment as a habitual criminal at 31 1/2 years imprisonment in the Department of Correction pursuant to Ark. Stat. Ann. § 43-2328 (Supp. 1973).

There was no appeal and appellant now seeks postconviction relief. The trial court conducted an evidentiary hearing and denied the petition. Appellant first contends for reversal, through present court appointed counsel, that the court erred in overruling his motion for a continuance. We cannot agree.

On July 17, 1973, the date of the trial, a continuance was sought by oral motion. It was predicated upon the basis that a witness, who was under subpoena, was "supposedly out of state" and her testimony, in effect, would provide an alibi for the appellant. The case was first set for trial in July, 1972, and later reset for October, 1972, at which time it was continued on the defendant's motion because of the absence of a material witness. On January 4, 1973, a hearing was scheduled and appellant did not appear. An alias warrant was issued for him and the hearing was rescheduled for January 15, 1973, and again appellant failed to appear. On April 13, 1973, a Miranda hearing was conducted and at that time appellant was found in contempt of court for "failing to appear twice" upon his admission that "he knew of the settings" at which he did not appear. The case was then set for trial on April 27, 1973. On that date it appears that the asserted material witness was present, pursuant to a subpoena, and was admonished to be available at the forthcoming trial. On trial date, July 17, 1973, she was not present. The witness left no forwarding address and was believed to have left the state. No one appeared to have any knowledge about when she would be available. When appellant's retained counsel stated that the absent witness would provide an alibi, the state responded it was their understanding that this witness, if present, would contradict the appellant's alibi. In overruling appellant's oral motion for a continuance, the trial court observed "[A]ccording to the subpoenaes issued it appears that we've got some eight or nine witnesses involved in this case, all witnesses, who, if we get a continuance for every one of them for being absent one time we are going to be here five years trying to get this case tried."

It is well settled that granting a continuance is within the sound discretion of the trial court and on appeal we do not disturb that decision unless abuse of discretion is shown. *Thacker* v. *State,* 253 Ark. 864, 489 S.W. 2d 500 (1973), *Nash* v. *State,* 248 Ark. 323, 451 S.W. 2d 869 (1970). In *Thacker* we enumerated factors to be considered such as diligence of the movant, probable effect of the testimony, future availability,

and the likelihood of procuring the attendance of the absent witness. Furthermore, we said the failure to file an affidavit pursuant to Ark. Stat. Ann. § 27-1403 (Repl. 1962) stating the affiants belief of the truth as to what the absent witness would testify, its materiality and that the witness is not absent because of any acts on his part "is a significant factor in appellate review of the trial court's denial of such a motion." In the circumstances of the case at bar, we cannot say that the appellant has discharged the burden of proof by demonstrating that the trial court abused its discretionary authority.

Appellant next contends for reversal that he was denied effective assistance of counsel. In support of this contention appellant argues that his retained counsel failed to inform him of his right to appeal, as an indigent, by court appointed counsel and merely advised him that it would cost money to appeal. Appellant testified that he was unaware of his right to appeal as an indigent. It is true, as appellant asserts, that he has an absolute right to appeal. Ark. Stat. Ann. § 43-2701 (Supp. 1973). In fact, the very purpose or genesis of our Rule 1 is in furtherance of that guarantee by permitting postconviction relief where there is demonstrated a denial of any constitutional or statutory right. Appellant's retained trial counsel testified and appellant admitted that the feasibility of an appeal was discussed at trial and it is uncontradicted that the appellant himself made no complaints about any matter occurring during the trial that could be the basis for an appeal. Appellant's trial counsel also testified that appellant stated he didn't know of any appealable grounds. Neither did he indicate indigency. His attorney testified that in his judgment no "appealable matters" existed. Appellant is thirty years of age and has a seventh grade education. He acknowledges that he has been in the penitentiary on four sentences, including the present one, and has experienced the services of four attorneys.

Appellant has the burden of showing that trial counsel by "acts or omissions (or both) of his attorney result in making the proceedings a farce and a mockery of justice, shocking the conscience of the court, or that petitioner's representation by counsel was so patently lacking in competence or adequacy that it becomes the duty of the court to

be aware of and correct it." *Sheppard* v. *State,* 255 Ark. 40, 498 S.W. 2d 668 (1973). See also *Davis* v. *State,* 253 Ark. 484, 486 S.W. 2d 904 (1972). Furthermore, there is a presumption that an attorney is competent, and appellant has the burden to show otherwise. *Clark* v. *State,* 255 Ark. 13, 498 S.W. 2d 657 (1973); and *Credit* v. *State,* 247 Ark. 424, 445 S.W. 2d 718 (1969). We have also said that trial tactics and strategy of a defendant's trial counsel involve "elements of discretion and judgment upon which conpetent counsel might disagree especially after the event." *Credit* v. *State, supra.* In the case at bar, the appellant's retained counsel is a veteran practitioner with some thirty years experience. We are firmly of the view that appellant has not demonstrated any prejudicial error with respect to him being denied the right of appeal through effective assistance of counsel.

Appellant next contends for reversal that the trial court failed to advise him of his right to appeal. We need not consider this contention as this allegation was not raised in his Rule 1 petition and cannot be raised for the first time on appeal. *Fleschner* v. *State,* 253 Ark. 58, 484 S.W. 2d 342 (1972); and *Carney* v. *State,* 250 Ark. 205, 464 S.W. 2d 612 (1971).

Appellant asserts that the trial court erred in permitting appellant's trial counsel to stipulate that he had previously been convicted of four felonies which resulted in the enhancement of his sentence. Appellant argues that the stipulation of these previous convictions was prejudicial inasmuch as the trial court did not question the appellant as to whether he consented to it. We are of the view that even though the better practice would be for the trial court to inquire about his consent to the stipulation, we cannot say that the appellant has shown that he did not knowingly approve or acquiesce in the stipulation. As previously indicated, appellant has a seventh grade education, was thirty years of age, and is no stranger to criminal proceedings. It appears from the transcript that these convictions were read into evidence from the local court docket sheets. It was a factual issue for the jury to consider which, as any other fact, the parties could agree upon. Ark. Stat. Ann. § 43-2330.1 (Supp. 1973) provides in pertinent part that "if the defendant admits such previous conviction(s), then the prior conviction(s) shall be considered in fixing the punishment for the current offense. . . . " It appears that the

trial strategy was to minimize the effect of the four previous convictions by acknowledging, which the statute permits, that which was readily capable of proof by the local court records, resulting, therefore, in a lesser sentence.

After reviewing the record, we are of the view that the evidence is sufficient to sustain the trial court's denial of appellant's petition. Appellant has not demonstrated any infringement of his constitutional or statutory rights.

Affirmed.

BROWN, J., not participating.