Marion Odell MORROW *v.* STATE of Arkansas

CR 80-92                                       610 S.W. 2d 878
Supreme Court of Arkansas
Opinion delivered February 2, 1981

*E. Alvin Schay*, State Appellate Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Joseph H. Purvis*, Deputy Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was convicted of burglary (Ark. Stat. Ann. § 41-2002 [1] [Repl. 1977]), theft of property (Ark. Stat. Ann. § 41-2203 [2] [b] [Repl. 1977]) and sentenced as a habitual criminal (Ark. Stat. Ann. § 41-1001 [Repl. 1977]) to ten years and five years, respectively, the sentences to run concurrently as recommended by the jury.

Appellant first contends there was insufficient evidence of the current market value of the stolen items, which consisted of a television and a muzzle-loading rifle in a buckskin scabbard. The owner testified that that he had purchased the television set for $442.85 at Sears about two years previous to the theft. He produced the receipt. His wife testified she had paid $23 for the gun case the previous summer. There was no evidence of the value of the rifle nor the condition of any of the items at the time of the theft. Appellant overlooks the fact, however, that he testified on cross-examination that, in explanation of his possession of the items, he paid another person $115 for them. In the circumstances, the evidence is amply substantial that the property was in excess of the statutory requirement of $100. *Tillman* v. *State*, 271 Ark. 552, 609 S.W. 2d 340 (1980); *Bailey* v. *State*, 266 Ark. 260, 583 S.W. 2d 62 (1979); and *Boone* v. *State*, 264 Ark. 169, 568 S.W. 2d 229 (1978).

We next consider appellant's assertion that error occurred in the admission into evidence of a sketch made of the man by a witness who observed him taking the items from the victims' home. The sketch reflected how tall she thought the burglar was, the thickness of his hair and the lines on his shoulder garment. She thought he might have been wearing a "two-tone shirt or something." A photograph of appellant, introduced into evidence and taken shortly after his arrest, showed appellant wearing a similar shirt. Appellant argues that the sketch was not relevant to any fact issue and, therefore, inadmissible under Ark. Stat. Ann. § 28-1001, Rules 401 and 402 (Repl. 1979).

Relevant evidence is that "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *McGuire* v. *State*, 265 Ark. 621, 580 S.W. 2d 198 (1979); and Rule 401, *supra*. In our view the sketch certainly tends to make it more probable than less

probable that appellant was properly identified as having committed the alleged offense.

We now consider appellant's contention that prejudicial error was committed during the sentencing phase of the trial when appellant's attorney and the prosecutor were permitted to stipulate to the existence of seven prior convictions without appellant being questioned as to whether he understood and agreed to the stipulation. The record shows the stipulation was made in a discussion at the bench. Although appellant's counsel stated to the court that he had consulted with the defendant, who agreed to the stipulation, no inquiry was made of the appellant by the court as to his acquiescence or that he understood the previous convictions could be used to enhance his sentence. Appellant cites *Cox* v. *Hutto*, 589 F. 2d 394 (8th Cir. 1979) (Cox I), which holds that such a stipulation is a denial of due process of law, because it amounts to a waiver of a defendant's constitutional right to have the state prove the prior offenses and his right to rebut that proof under Ark. Stat. Ann. § 43-2330.1 (2) (Repl. 1977) and Ark. Stat. Ann. § 41-1005 (2) (Repl. 1977); such a stipulation is the equivalent of a guilty plea and, therefore, the trial court is required to question a defendant to determine if he knowingly and voluntarily agreed to the stipulation; and it is "constitutional error" not to do so. See also *Cox* v. *Hutto*, 619 F. 2d 731 (8th Cir. 1980) (Cox II); and *McConahay* v. *State*, 257 Ark. 328, 516 S.W. 2d 887 (1975).

Thus, the question is whether or not the asserted error mandates reversal of this case; that is, whether the verdict at sentencing can be supported by valid convictions, authenticated copies of which were presented to the jury, and whether we can say appellant did not suffer prejudice. See *Cox* v. *Hutto, supra* (Cox II). Here, three of the seven convictions did not show that appellant had the benefit of counsel or made a valid waiver. Therefore, these convictions admittedly cannot be used to support the enhanced sentence. *McConahay* v. *State, supra*. This leaves four prior convictions which could support the sentences, argues the state, since the jury found two or three prior convictions. Appellant argues that it cannot affirmatively be said without speculation that the stipulation did not affect the jury's deliberation and that the stipula-

tion denied him the opportunity to challenge, before the jury, the use of the prior convictions, which runs afoul of *Cox* v. *Hutto, supra* (Cox II).

However, in our view, the *Cox* cases are not controlling in the case at bar. There, four previous convictions were stipulated and read to the jury; it found him guilty of four previous convictions which subjected him to a maximum sentence enhancement of 31 1/2 years and the jury so imposed. Here, the seven prior sentences were stipulated, introduced as evidence and given to the jury which found appellant guilty of only two or three of the seven stipulated prior felonies. It imposed only ten of a possible thirty years for burglary and five of a possible fifteen years for theft of property under our enhancement statute. The record shows appellant had an attorney in three of the seven stipulated convictions and waived assistance of counsel in another. Furthermore, appellant, during cross-examination by the prosecutor, had admitted to the jury two previous convictions and did not deny a third.

In the circumstances, we are of the view that the jury's verdict, absent the stipulation, is supported by sufficient valid convictions, and the state adequately met its burden of showing appellant suffered no prejudice as a result of this stipulation.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I respectfully dissent from the majority opinion in holding that the stipulation of seven convictions was properly presented to the jury. We do not allow a stipulation by an accused that he is guilty. We require proof to the court that the person is guilty and that he fully understands the rights he is giving up in pleading guilty. As was held in *Cox* v. *Hutto*, 589 F. 2d 394 (8th Cir. 1979), the stipulation of prior convictions was the functional equivalent of a guilty plea. Therefore, it reasons that we cannot accept such stipulation without further proof and without the knowledgeable consent of the appellant.

It is obvious that the jury was concerned about the stipulation of the seven felonies by inquiring of the court whether such stipulation automatically set the number of convictions at four or more. I think the jury was entitled to know more about these convictions; of course at least three of them could not have been presented to the jury had there been required of the state the proper degree of proof. The number of prior convictions is a factual determination to be made by the jury. Although we have previously reduced the sentence to the minimum allowed for the conviction, such would be improper in this case. *Klimas* v. *State*, 271 Ark. 508, 609 S.W. 2d 46 (1980). The state has the same burden of proof in the matter of prior convictions as it does on the case in chief. *McConahay* v. *State*, 257 Ark. 328, 516 S.W. 2d 887 (1974); and *Leggins* v. *State*, 267 Ark. 293, 590 S.W. 2d 22 (1978).

There is no way that I know of by which it can be determined how much reliance the jury placed on the stipulation in reaching the sentences imposed. Obviously they gave more than the minimum and they did find the appellant had committed two or more previous offenses. Although I seriously doubt the appellant will fare as well on a retrial, I am of the opinion he has the right to a retrial because the stipulation on the seven prior convictions are prejudicial.