George Austin WILSON *v.* STATE of Arkansas

CR 80-253                     614 S.W. 2d 663

Supreme Court of Arkansas
Opinion delivered April 27, 1981

*E. Alvin Schay*, State Appellate Defender, by: *Ray Hartenstein*, Chief Deputy Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Leslie M. Powell*, Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Wilson was arrested for the May 27, 1979, robbery of the Magnolia Inn in Little Rock, Arkansas. By information he was charged with aggravated robbery in violation of Ark. Stat. Ann. § 41-2102 (Repl. 1977)

and criminal attempt to commit felony murder in violation of Ark. Stat. Ann. § 41-701 (Repl. 1977). A jury convicted Wilson of the aggravated robbery and reduced the attempt charge to a conviction for criminal attempt to commit first degree felony murder. The trial court ordered the sentences to run consecutively.

On appeal Wilson raises three issues. First, he claims that the trial court's imposition of consecutive sentences for what he contends were the "same offense" violates his right not to be twice placed in jeopardy. However, there was no such objection made at the trial. There was a request that the sentences run concurrently rather than consecutively and Wilson argues that this was an objection. We do not consider it to be a proper objection; it was only a request.

In a similar situation in *Rowe* v. *State*, 271 Ark. 20 (1980), *cert. denied*, No. 80-6178 (April 6, 1981), this court noted that no objection was made when the jury was given instructions defining both offenses; no alternate or substituted verdict form was requested by defendant; and no objection was made when the verdicts were returned. The same is true in the present case. We conclude as we did in *Rowe* that the arguments now advanced on appeal could have been raised in the trial court, but none of them were. Even though an error may be of constitutional proportion, as Wilson claims, we do not consider it for the first time on appeal. *Shepherd* v. *State*, 270 Ark. 457 (1980); *Clark* v. *State*, 264 Ark. 630, 573 S.W. 2d 622 (1978). We have no "plain error" rule. *Smith* v. *State*, 268 Ark. 282 (1980).

Wilson's second argument is that the trial court erred in denying his motion for a new trial. This motion was based on a contention that the court bailiff had discussions with the jurors and entered the jury room during the jury's deliberations. Wilson requested and received a hearing on this matter. At the hearing Wilson and another man, Tommy Lee Driggers, testified that while they were in the holding cell they observed the bailiff responding to questions from the jury. The bailiff stated at the hearing that he had no specific memory of this case, but testified as to his customary practice which was not to give legal advice. No one testified

as to what was actually said in the jury room. The record revealed that the bailiff had relayed a request from the jury for further instructions concerning attempted murder and that the court had responded that no further advice could be given on this matter. When the bailiff returned to the jury room with this response he was accompanied by attorneys for both parties. No objection to this procedure was made by the defense.

On appeal of this issue Wilson relies on *Williams* v. *State*, 264 Ark. 77, 568 S.W. 2d 30 (1978) for the proposition that once deliberations have begun, the court alone should answer legal questions from the jury. Even so, Wilson failed to prove to the court's satisfaction that the bailiff in this case counseled the jury on a point of law or acted to prejudice the appellant's rights. The court concluded that there had been no showing of prejudice to the defendant and we cannot say the court's decision in this regard was clearly wrong. A trial judge is never to relay any communications to the jury through a bailiff. Ark. Stat. Ann. § 43-2139 (Repl. 1977). But to reverse a decision we must find prejudicial, not harmless, error. *Harrington* v. *California*, 395 U.S. 250 (1969).

Wilson's final contention is that the trial court's acceptance of the defense attorney's stipulation of five prior convictions requires reversal. Again, the appellant suffered no prejudice. The five judgments entered to prove his habitual offender status were all certified copies of court judgments (as opposed to inadmissible docket sheets); each judgment gave the name of the attorney representing Wilson in that case; all were submitted to the jury and the jury returned findings. These factors distinguish this case from the *Cox* cases, *Cox* v. *State*, 257 Ark. 35, 513 S.W. 2d 798 (1974); *Cox* v. *Hutto*, 589 F. 2d 394 (8th Cir. 1979); *Cox* v. *Hutto*, 619 F. 2d 731 (8th Cir. 1980); and from our recent holding in *McCroskey* v. *State*, 272 Ark. 356, 614 S.W. 2d 660 (1981).

Affirmed.

PURTLE, J., dissents.

HOLT, J., not participating.

JOHN I. PURTLE, Justice, dissenting. I dissent with amazement at the action of this court in handing down two opinions on the same date holding directly opposite each other. The present case affirms the trial court's action in accepting a stipulation that the appellant had five prior convictions. At the same moment, we are handing down the opinion in *McCroskey* v. *State* reversing and remanding in the same trial court. We reverse and remand *McCroskey* because the trial judge accepted a stipulation that the appellant had been convicted of a number of previous offenses. We affirm the present case on what are essentially the same facts. Which one will the trial courts be expected to follow?

In my opinion, it was error for the trial court to accept the stipulation to the prior convictions without inquiring of the appellant whether he intelligently and voluntarily consented to such stipulation. *McCroskey* v. *State*, 272 Ark. 356, (1981); *Cox* v. *Hutto*, 589 F. 2d 394 (8th Cir. 1979); *Morrow* v. *State*, 271 Ark. 806, 610 S.W. 2d 878 (1981). Also, see Ark. Stat. Ann. § 43-2330.1 (Repl. 1977).

The Arkansas statutes give the appellant the absolute right to a trial by jury on the issue of prior offenses. This statute is certainly on the same level as the rule which prevents the acceptance of a guilty plea without inquiry by the court as to the voluntariness of such plea. Rules of Criminal Procedure, Rule 24.4 and Rule 24.5. To accept a guilty plea without first determining that it was intelligently and voluntarily made has been construed as being reversible error. *Byler* v. *State*, 257 Ark. 15, 513 S.W. 2d 801 (1974). There is no way the facts may be arranged to cover up the deficiency in the trial court's failure to inquire as to the voluntariness of the stipulation. It seems to me that *McCroskey* is holding that the question is whether the accused voluntarily and intelligently agreed to the stipulation; the holding in the present case is that if there is enough evidence available to support the stipulation, the trial court will be affirmed. I agree with *McCroskey* and disagree with the majority in the present case.