Jerry H. McCROSKEY *v.* STATE of Arkansas

CR 80-199                                       614 S.W. 2d 660

Supreme Court of Arkansas
Opinion delivered April 27, 1981

*E. Alvin Schay*, State Appellate Defender, by: *Matthew Wood Fleming*, Deputy Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Dennis R. Molock*, Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. McCroskey was charged with aggravated robbery, theft, and habitual criminalism with three prior felony convictions. In the second stage of a two-step trial the prosecutor and defense counsel stipulated that McCroskey had been convicted of burglary in 1972, of escape in 1973, and of robbery in 1973. The stipulation did not show that McCroskey had been represented by counsel in the earlier cases. He was not asked if he agreed to the stipulation, and there is no other evidence of the convictions in the record. The jury returned a verdict form reciting that McCroskey had "either 2 or 3" previous convictions and imposed enhanced sentences of 50 years for aggravated robbery and 15 years and a $10,000 fine for theft. The only point for reversal is that the trial court should not have accepted the stipulation without determining that McCroskey agreed to it and that he had been represented by counsel in the former cases.

We agree that the acceptance of the stipulation was error, because it did not show that McCroskey had been represented by counsel, but we are not in complete agreement with the federal cases relied upon by McCroskey. In *Cox* v. *Hutto*, 589 F. 2d 394 (8th Cir. 1979), the court held that a stipulation as to the existence of previous convictions is the "fundamental equivalent" of a plea of guilty and requires the trial judge to determine whether the accused knowingly and voluntarily agreed to the stipulation. The only case cited for that view was *Wright* v. *Craven*, 325 F. Supp. 1253 (N.D. Cal. 1971), affirmed 461 F. 2d 1109 (9th Cir. 1972). In *Wright*, however, the stipulation *was* the equivalent of a guilty plea, because under a California statute the imposition of a life sentence automatically became mandatory in view of the number and kind of previous felonies

stipulated to. In Arkansas that is not the situation. Prior convictions, whether shown by proof or by stipulation, merely enhance the maximum possible sentence, with the punishment still to be determined by the jury on the basis of all the evidence in the case. Moreover, a plea of guilty goes to the essential question in the entire trial, but a previous conviction is merely a matter of evidence that can readily be proved with absolute certainty by public records.

In *Cox, supra*, the court remanded the case to the district court for a determination of whether at the original trial the State had in its possession proper evidence of at least the three convictions required to support the sentence. Again, we cannot agree with that test. Whether the State actually had the proof in its possession should not in our opinion be controlling, because the purpose of negotiated pleas of guilty (to which the court had likened the stipulation) and of stipulations of fact is to relieve both sides of the burden of preparing for trial. If a plea of guilty, for example, is accepted without the court's having determined that the accused understands what he is doing, the test is not whether the prosecutor had in his possession at the trial the complete proof of guilt. Rather, the question is whether the accused voluntarily and intelligently pleaded guilty. *Byler* v. *State*, 257 Ark. 15, 513 S.W. 2d 801 (1974); *Todd* v. *Lockhart*, 490 F. 2d 626 (8th Cir. 1974). That should also be the test when counsel have stipulated to prior convictions without the accused's approval in open court.

Upon a second appeal by Cox the court went still further and held that the error of the court's acceptance of the stipulation without determining that the accused agreed to it could be harmless "only if evidence properly before the jury overwhelmingly established the fact of sufficient prior convictions to support the habitual criminal finding and if beyond a reasonable doubt the error did not affect the jury's determination." *Cox* v. *Hutto*, 619 F. 2d 731 (8th Cir. 1980). Once more we are compelled to disagree with the court's interpretation of the law of Arkansas. Our law is this: "A stipulation is the equivalent of undisputed proof; it leaves nothing for the jury to decide." *Brown* v. *Keaton*, 232 Ark. 12,

334 S.W. 2d 676 (1960). Thus the question should be not what other evidence was submitted to the jury, but simply whether the accused voluntarily and intelligently agreed to the stipulation. Needless to say, in the future circuit judges and prosecutors must be careful to see that any stipulation with respect to previous convictions is voluntarily and intelligently agreed to by the accused in open court. See our opinion in *Byler* v. *State, supra*, for similar procedure when a plea of guilty is accepted.

The judgment is reversed and the cause remanded for a new trial unless the prosecutor elects first to assume the burden of proving at a hearing that McCroskey voluntarily and intelligently agreed to the stipulation and that he was in fact represented by counsel in the earlier cases. Should that burden not be met, a new trial will be necessary.

ADKISSON, C.J., and HICKMAN, J., dissent.

DARRELL HICKMAN, Justice, dissenting. The majority has adopted as a principle of law that it is error for a lawyer in a criminal case to stipulate to prior convictions. In this case the majority finds that the case must be reversed to correct the error. That principle may be found in two cases that we generally refer to as *Cox I* and *Cox II* (*Cox* v. *Hutto*, 589 F. 2d 394 (1979) and *Cox* v. *Hutto*, 619 F. 2d 731 (1980)). It is my judgment that the United States Supreme Court has not yet approved this principle and we are not bound by it.

The *Cox* rule is wrong for two reasons. First, it requires a case to be reversed without any showing of prejudice. As applied it simply means that an attorney cannot stipulate that the defendant has prior convictions even though the defendant is present in court when the stipulation is made. The defendant must orally recite in open court that the convictions are a fact. Otherwise, the/ conviction must be reversed. The rule, as applied by the Eighth Circuit Court of Appeals, makes no allowance for the truth of the matter and does not require any showing of actual prejudice. Violation of the rule simply requires reversal.

McCroskey does not even bother to argue the question

of whether he had three prior convictions nor does he bother to argue any prejudice. He simply relies upon the *Cox* cases. It makes no difference whether he had three prior convictions; it makes no difference if they were all proper. The United States Supreme Court has held without equivocation that prejudice must be shown before an error requires reversal. In my judgment the rule that we are upholding today runs contrary to the *Harrington* principle. *Harrington* v. *California*, 395 U.S. 250 (1969). Isn't one of the purposes of appellate review to see that a fair trial has been received? Shouldn't we view errors to see if there is any relation to that goal, not just to see if some mechanical test has been performed?

The rule in *Cox* is also wrong because it is one more step in the advancement of a philosophy that will ultimately destroy our advocacy system. Ours is not a perfect system but it is a sound one. We have to place some faith in the lawyers representing parties. There are innumerable safeguards for a criminal defendant: the presumption of innocence; the state's burden; strict rules of procedure and evidence; and, free counsel both at the trial and on appeal. Do we now try the case for the parties? As long as a lawyer represents a defendant or party, he should have the power to stipulate to facts or matters that are not in dispute. The rule presumes that counsel cannot act as counsel. It means to one more degree the court must inject itself in the trial, leaving its position of neutrality.

McCroskey has not even suggested that he did not receive a fair trial or that he has been prejudiced. He would have to make those assertions before I would consider reversing the decision.

ADKISSON, C.J., joins in this dissent.