**Charles Edward BEAVERS, Petitioner,**

v.

**Mack H. ALFORD, Warden, et al., Respondents.**

**No. Civ–84–293–R.**

United States District Court,
W.D. Oklahoma.

April 9, 1984.

Charles E. Beavers, pro se.

## ORDER

DAVID L. RUSSELL, District Judge.

Petitioner, a state prisoner, has filed in forma pauperis a Petition for Writ of Habeas Corpus, as amended, pursuant to 28 U.S.C. § 2254 wherein he attacks the following two convictions from Oklahoma County District Court: a ten year sentence in Case No. CRF–77–845 entered on May 10, 1977 for lewd molestation; and a twenty year sentence in Case No. CRF–81–1456 entered on August 6, 1981, for first degree manslaughter. Petitioner is currently serving the sentence in CRF–81–1456 with a detainer being lodged in CRF–77–845. The Petitioner raises the following ground in support of said Petition: (Spelling and grammatical errors in the original)

"Ground One: That The state of Oklahoma used constitutional infirm Arkansas judgement of convictions, in prior Oklahoma judgements, which was used to enhance the sentences in Crf–77–845 and 81–1456, all in direct violation of my rights to be accorded equal protection and due process of law guaranteed to me by the 14th Amendment, Supra.

Petitioner states as a fact that he was tried and convicted in Clark county, Arkansas in case NO–5473 and sentenced to a term of four years in the Arkansas state penitentiary wherein I served them to their entirety, I was later arrested in Oklahoma City, Oklahoma in 1968 for Burglary second degree and on a plea of guilty I was sentenced to a term of two years, [sic] In 1970 I was arredted [sic] and charged with Burgalry [sic] in the second after former conviction of a felony, a plea was made and I was sentenced to a term of ten years, I was also charged with attempt [sic] larceny from a retailer in 1977 and a sentence of two and one half years was imposed. In May 1977 I was arrested for lewd molestation and a plea bargain was made and I was sentenced to a term of ten years, [sic] In 1981 I was arrested and charged with first degree manslaughter, a plea bargain was made and I was sentenced to a term of twenty years, the first case being NO–34318, Second being Crf–70–172, (A.F.C.), the third being Crf–77–1582 (A.F.C.) the fourth being Crf–77–845 (A.F.C.) And the fifth being Crf–81–1456 (A.F.C.) Petitioner states that the after former convictions of a felony that was used all derived from the Constitutionally infirm Arkansas judgements [sic], wherein I was not represented by counsel and was a Juvenile who had not attained the age of (18) years, but yet was tried and convicted as an adult without being certified by any judge. Petitioner states that since the constitutionally infirm Arkansas judgement [sic] was used, that came in contact with the other judgements [sic], they to [sic] became fatally tainted and therefore tainted every thing there after, and no one can validly say what sentence a judge may have given if the constitutionally infirm judgements [sic] were not brought to his attention, and I am therefore entitled to vacation of the sentence and to be resenced [sic] without the tainted after former convictions, to lesser terms of imprisonment."

It appearing that Petitioner's Motion to Proceed in Forma Pauperis was facially sufficient, the Petition has been filed in forma pauperis. Having been so filed, the

Petition must be tested under 28 U.S.C. § 1915(d) to determine if it is frivolous, improper or if it is obviously repetitive. *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir.1981), *cert. denied*, 450 U.S. 985, 101 S.Ct. 1524, 67 L.Ed.2d 821 (1981). Upon review of the instant action, the Court finds and concludes as follows:

## I.

■ This Court does not have jurisdiction of the Petitioner's habeas corpus action under § 2254 if the Petitioner is not "in custody" of the conviction under attack. 28 U.S.C. § 2254(a). There must be a definite relationship between the challenged sentence and the sentence currently being served or which will be served in the future. *Peyton v. Rowe*, 391 U.S. 54, 64–67, 88 S.Ct. 1549, 1554–1556, 20 L.Ed.2d 426 (1968); *Carafas v. Lavallee*, 391 U.S. 234, 237–238, 88 S.Ct. 1556, 1559–1560, 20 L.Ed.2d 554 (1968); *Sinclair v. Blackburn*, 599 F.2d 673, 675–676 (5th Cir.1979). Such a relationship exists here because Plaintiff alleges that the sentence he is now serving and the future sentence to which he is subject were enhanced by an allegedly unconstitutional prior conviction.

## II.

■ In his Petition Petitioner has alleged that an unconstitutional juvenile conviction entered in Clark County, Arkansas (Case No. 5473) was used to enhance the two sentences he is now attacking. However in the supporting facts of his Petition, Petitioner lists three other prior felony convictions in addition to the allegedly invalid juvenile conviction which were also used to enhance the sentences under attack as follows: (1) Case No. 34318, conviction in 1968 for burglary in the second degree; (2) Case No. CRF–70–172, conviction in 1970 for burglary in the second degree after former conviction of a felony; and (3) CRF–77–1582, conviction in 1977 for attempted larceny from a retailer.

In this regard, 21 O.S. § 51.A provides in pertinent part:

"A. Every person who, having been convicted of any offense punishable by imprisonment in the penitentiary, commits *any* crime after such conviction is punishable therefor as follow: ..." [emphasis added]

The Court of Appeals in *Anderson v. Brown*, unpublished No. 81–2247 (10th Cir. filed March 8, 1982), has interpreted § 51.A as follows:

"Under Oklahoma law, only one prior conviction is necessary to enhance a defendant's sentence. 21 O.S. § 51A. Thus, even if the petitioner was successful on the merits, he still has five unchallenged felony convictions on his record, which support his enhanced sentence. *Diehl v. Wainwright*, 423 F.2d 1108 (5th Cir.1970). *See also Gerberding v. Swenson*, 435 F.2d 368 (8th Cir.1970), *cert. denied*, 403 U.S. 906 [91 S.Ct. 2211, 29 L.Ed.2d 682] (1971)."

The Fifth Circuit has repeatedly affirmed the rule that where enhancement could have been based on other convictions, reliance on an invalid one is harmless. *Webster v. Estelle*, 505 F.2d 926, 931 (5th Cir. 1974), *cert. denied*, 421 U.S. 918, 95 S.Ct. 1581, 43 L.Ed.2d 785 (1974); *Cline v. U.S.*, 453 F.2d 873, 874 (5th Cir.1972). *See also, Thompson v. Estelle*, 642 F.2d 996, 998–999 (5th Cir.1981).

■ Moreover, state courts have the final authority to interpret their own legislation. *Brown v. Ohio*, 432 U.S. 161, 167, 97 S.Ct. 2221, 2226, 53 L.Ed.2d 187 (1977); *Garner v. Louisiana*, 368 U.S. 157, 169, 82 S.Ct. 248, 254, 7 L.Ed.2d 207 (1961). In the present case, both Oklahoma and Arkansas state courts have interpreted their statutes as requiring proof of only one former conviction for enhancement purposes. *Hill v. State*, 648 P.2d 1268, 1271 (Okl.Cr.App. 1982); *Morrow v. State*, 271 Ark. 806, 610 S.W.2d 878, 880 (1981), *cert. denied*, 454 U.S. 819, 102 S.Ct. 99, 70 L.Ed.2d 89 (1981). Therefore, in the present case, anyone of the three felony convictions obtained subsequent to the allegedly invalid juvenile conviction could have been used to enhance the two sentences which Petitioner is now attacking.

Accordingly, judgment will issue dismissing the instant Petition for Writ of Habeas

Corpus and the causes of action alleged therein.